# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

WILLIAMS-SONOMA, INC.,

     *Plaintiff*,

        v.

WAYFAIR, INC.,

     *Defendant*.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Williams-Sonoma, Inc. ("WSI") through its brand West Elm ("West Elm") alleges:

1.      Wayfair, Inc. through its group of brands, including Wayfair and AllModern, ("Wayfair") deliberately infringes the intellectual property of WSI and unlawfully imitates the West Elm brand.  Wayfair has engaged in this unlawful conduct for years.  West Elm has repeatedly attempted to resolve these issues outside of the courtroom, to no avail.

2.      Each season, West Elm's team of in-house design professionals create original and exclusive collections of products to embody and identify the distinctive West Elm brand.  West Elm devotes tremendous resources to develop its unique designs and carefully curated aesthetic. As described more fully below, WSI owns numerous design patents to protect its famous West Elm brand.

3.      For many years, Wayfair has made, marketed, offered for sale, and sold numerous products which infringe WSI's design patent rights and are so highly similar to West Elm's patented products that an ordinary observer would be confused by the imitation.

4.     Below are just a few examples of West Elm's products and design patents, alongside the nearly identical products sold by Wayfair:

| West Elm Product | West Elm Patent | Infringing Wayfair Product |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

| West Elm Product | West Elm Patent | Infringing Wayfair Product |
|:---:|:---:|:---:|



5.      Wayfair's unlawful copying of West Elm's designs is not an accident; it is the result of a targeted effort.  For example, Wayfair recently launched an entire product line described as "West Elm-inspired."   As explained below, however, Wayfair's deliberate reproductions of

protected West Elm products go beyond "inspiration" to infringement.

6.      At the same time Wayfair is engaged in copying West Elm's protected designs and trading off of the West Elm name, Wayfair claims in its advertising and marketing to consumers that the products it sells are available "Only at Wayfair" or are "Wayfair-exclusive."  This is false. In addition to infringing West Elm's design patent protected products, Wayfair has also copied numerous other West Elm product designs, some examples of which are shown below:



| West Elm Products | Wayfair Products |
|---|---|
|  | |

7.      Wayfair's conduct infringes WSI's protected intellectual property, and it is false and misleading.  It has and will irreparably harm WSI, the West Elm brand, and its substantial goodwill.  It has also caused monetary harm in an amount to be determined at trial.

## THE PARTIES

8.      Plaintiff WSI is a Delaware corporation, with a principal place of business at 3250 Van Ness Avenue, San Francisco, California 94109.  West Elm is one of several brands owned by WSI and has its own principal place of business at 2 Main Street, Brooklyn, New York, 11201.

9.      On information and belief, Defendant Wayfair, Inc. is a Delaware corporation, with its principal place of business at 4 Copley Place, Floor 7, Boston, Massachusetts, 02116.

## JURISDICTION AND VENUE

10.      This complaint arises under the Patent Act, 35 U.S.C. § 1 et seq., the Lanham Act, 15 U.S.C. § 1051 et seq., and the common and state laws of Massachusetts and California.

11.      This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1332(a)(2), 1338(a) and (b), and this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

12.      Upon information and belief, Wayfair is headquartered in and regularly conducts and solicits business in Massachusetts.  Specifically, Wayfair promotes and sells its goods, including the goods at issue here, in Massachusetts.  In addition, Wayfair maintains websites available in Massachusetts that facilitate and/or enable users to purchase the infringing goods from Massachusetts.

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. 1400(b), and because a substantial part of the conduct giving rise to these claims occurred in this District. Upon information and belief, Wayfair makes, sells, and offers to sell its infringing products in this district, thereby committing acts of patent infringement in this district, maintains a regular place of business in this district, because a substantial part of the events giving rise to WSI's claims arose in this district, and Wayfair is subject to the Court's personal jurisdiction in this district.

## FACTUAL BACKGROUND

### *West Elm*

14.     West Elm launched in 2002 and quickly became a market leader by selling home furnishings that are approachable, unique, and sustainably produced.  West Elm takes its designs seriously and uses a talented in-house design team to create original and exclusive collections that reflect its brand values. West Elm devotes significant resources to develop innovative and distinctive products to sell exclusively in its West Elm stores, catalogs, and website, and through a limited group of trusted third-party partners.

### *West Elm's Design Patents*

15.     Through that design process, West Elm has developed a series of unique and distinctive furniture, lighting, and other home product designs, which have been granted design patent protection by the United States Patent and Trademark Office.  Its extensive design patent portfolio covers a range of goods from lamps and tables to nightstands and chairs.

16.     Specifically at issue here, WSI has been granted the following design patents for various West Elm designs (the "West Elm Design Patents"), each of which is attached to this Complaint at the Exhibit No. referenced below:

| U.S. Patent No. | Patent Title | Application Date | Issuance Date | Exhibit No. |
|---|---|---|---|---|
| D875,415 | Chair | 09/28/2018 | 02/18/2020 | 1 |
| D836,822 | Lamp | 09/07/2017 | 12/25/2018 | 2 |
| D880,180 | Chair | 08/16/2018 | 04/07/2020 | 3 |
| D815,452 | Chair | 01/11/2017 | 04/17/2018 | 4 |
| D917,911 | Chair | 12/19/2019 | 05/04/2021 | 5 |
| D821,768 | Chair | 09/07/2017 | 07/03/2018 | 6 |

| D899,830 | Table | 11/09/2018 | 10/27/2020 | 7 |
| D836,823 | Lamp | 09/07/2017 | 12/25/2018 | 8 |
| D813,573 | Nightstand | 01/11/2017 | 03/27/2018 | 9 |

***The West Elm Brand***

17.     Since its introduction in 2002, WSI has used the West Elm name in connection with its offering of modern home furnishings and décor nationwide.  There are more than 100 brick and mortar West Elm stores in the United States located in 85 different cities.  West Elm also sells its entire product line through its website at <westelm.com>.  The West Elm brand is featured on brand-specific social media pages on Facebook, Instagram, Twitter, and Pinterest, which have millions of followers and views.

18.     Central to the West Elm brand is that it provides fresh designs and unique styling. It has promoted that central theme to consumers with a marketing budget that exceeds millions of dollars annually.

19.     Over 90% of West Elm products are exclusive to WSI and designed by its West Elm in-house design staff.  The West Elm brand focuses heavily on the quality and sourcing of its products, and works to use organic, non-toxic, reclaimed, or recycled materials and make sustainably-sourced products.

20.     WSI has used the strength of its West Elm brand to support smaller businesses and global artisans.  West Elm collaborates with independent designers and partners with organizations to support global craft communities.  West Elm also launched local initiatives to bring artists and craftspeople into West Elm stores and connect with West Elm customers.

21.     Through all of these activities over the past nearly 20 years, WSI has accumulated significant and substantial goodwill in the West Elm brand and enhanced its reputation as a leader in the home furnishing space.

22.     Like many successful brands, West Elm collaborates with third-party companies and talented individuals, resulting in collections put out in association with companies and organizations ranging from charitable organizations to well-known consumer brands.

**Wayfair and Its Infringing and Unfair Conduct**

23.     Upon information and belief, Wayfair is an e-commerce company that sells furniture and home goods under five branded retail websites: Wayfair, Joss&Main, AllModern, Birch Lane, and Perigold.  Across those platforms, Wayfair sells millions of different products under a variety of different brand names.

24.     Upon information and belief, Wayfair has been and continues to offer a series of products that are identical or virtually identical to those in which WSI owns design patent rights. The chart below shows the products Wayfair has sold or offered for sale or is selling and offering for sale, the corresponding design patent to which they are virtually identical, and the West Elm product that embodies the patented design:

| West Elm Product | West Elm Patented Design | Infringing Wayfair Product |
|---|---|---|
| Slope Leather Lounge Chair  | D875,415  | Alphard 26" Wide Side Chair (Union Rustic) \| *previously* Thelma 26" Wide Side Chair (Foundstone)  Brundage 26" Wide Lounge Chair (Mercury Row)  |
| Sphere & Stem Table Lamp  | D836,822  | Drake 22" Table Lamp (Allmodern, previously sold under Foundstone brand)  |

| West Elm Product | West Elm Patented Design | Infringing Wayfair Product |
|---|---|---|
| Crescent Swivel Chair  | D880,180  | Ajara 29.25" Wide Swivel Barrel Chair (Brayden Studio) \| *previously* Maston 29.25" Wide Swivel Barrel Chair (Wade Logan)  |
| Orb Dining Chair  | D815,452  | Jodell Velvet Arm Chair  (Everly Quinn) \| *previously* Rathbun Velvet Arm Chair (Willa Arlo™ Interiors)  Brad 24.6" Wide Side Chair (Etta Avenue)  |

| West Elm Product | West Elm Patented Design | Infringing Wayfair Product |
|---|---|---|
| Mid Century Modern Petal Upholstered Dining Chair  | D917,911  | Cyprian Side Chair (Allmodern)  |
| Wire Frame Upholstered Dining Chair  | D821,768  | Lara Upholstered Side Chair (Allmodern)  |
| Mid-Century Art Display Round Coffee Table  | D899,830  | Burroughs Coffee Table with Storage (Mercer41)  |

| West Elm Product | West Elm Patented Design | Infringing Wayfair Product |
|---|---|---|
| Sphere & Stem 2-Light Floor Lamp  | D836,823  | Dez 61" Tree Floor Lamp (Allmodern)  |
| Audrey Side Table  | D813,573  | Zara 2 Drawer Nightstand (Foundstone)  |

25.    WSI owns all right, title, and interest in and to the West Elm Design Patents.

26.     As shown in the chart above, the designs of the Wayfair products are identical or virtually identical to the ornamental West Elm designs covered by West Elm Design Patents.

27.     An ordinary observer of Wayfair's products and West Elm's patented designs, giving such attention that a home furnishing purchaser usually gives, would find the two designs to be substantially the same.  The overall impression of the two designs is substantially the same. The West Elm Design Patents are each infringed by the corresponding Wayfair design because in the eye of an ordinary observer they are substantially the same.

28.     Third-parties have identified Wayfair products as being "look-alikes" for West Elm.  *See, e.g.,* https://caitlindelayblog.com/west-elm-look/.

29.     In fact, in 2020, Wayfair specifically launched a "West Elm-Inspired Collection" in its Foundstone line, which was reported on by Forbes Magazine.  *See* https://www.forbes.com/sites/amandalauren/2020/01/17/wayfair-unveils-west-elm-inspired-collection/?sh=609bfb1f4556.  According to Forbes, the line was "incredibly well received," and described one product in particular that "could easily be confused for West Elm. Again, it's not a knock-off, but it's fair to call it a dead ringer."

30.     Another article described the Foundstone collection as looking "identical" to or "mirroring" West Elm.  *See* https://9to5toys.com/2020/01/21/wayfair-foundstone-line/.

31.     Wayfair, however, has falsely promoted its products as being unique or exclusive to Wayfair despite the fact that they are copies of West Elm products, including (but not limited to) those identified above as protected by the West Elm Design Patents.

32.     Indeed, with the launch of Foundstone, Wayfair included a video advertisement promoting the brand and showcasing various products.  In the video, a Wayfair "designer" is

shown sketching the products, leading the consumer to understand that Wayfair designed those items, but at least one of the sketches copies a West Elm created design.

33.     Wayfair not only misleads consumers as to the origin of the designs, but where they are available for sale.  For example, Wayfair has claimed that the Foundstone products are available only at Wayfair.  *See* https://www.wayfair.com/brand/bnd/foundstone-b51714.html. This statement of fact is untrue or at a minimum misleading.  Certain of the products that are or were part of the Foundstone line are proprietary designs of WSI sold under the West Elm brand.



34.     Wayfair also claims that Foundstone is "a Wayfair exclusive collection."  *See* https://www.instagram.com/p/B7CUvCxADFe/?igshid=r3l2tq3522mv.  Again, this statement of fact is untrue, or at a minimum misleading, for the same reasons.



35.     Wayfair's products, including, at least, the Thelma Wide Side Chair, Drake 22"
Table Lamp, and Zara 2 Drawer Nightstand, products shown above, which are copies of WSI's
patented designs, have been sold under the Foundstone sub-brand of Wayfair and thus touted as
"exclusive" to Wayfair when they are not—in truth, they are unauthorized copies of West Elm
designs.

36.     In addition, Wayfair has also touted its Mercury Row and Etta Avenue products,
among others, as "looks you'll only find at Wayfair."  *See* https://www.wayfair.com/sca/ideas-
and-advice/interior-design/meet-wayfairs-exclusive-brands-T9965.  This is also false.  The
Mercury Row Brundage 26" Wide Lounge Chair and Etta Avenue Brad 24.6" Wide Side Chair
are also copies of WSI's patented designs sold under those product lines.

37.     Wayfair has made these false and misleading statements in the context of
advertising its products on the Wayfair website and through social media.

38.     Upon information and belief, Wayfair's claims that designs are exclusive to
Wayfair when they are not, are material to consumers' purchasing decisions.  Upon information
and belief, Wayfair would not have included such statements in its advertising if it did not
believe they would influence the consumer's decision to purchase.

39.     These claims are likely to deceive consumers into believing that the products
Wayfair is selling are, in fact, unique to Wayfair when that is not the case—and when in fact, the
designs are the original intellectual property of WSI.

40.     This is far from the first time Wayfair has misappropriated West Elm's work.
West Elm has been forced to send numerous cease and desist letters over the years to police
Wayfair's blatant copying of West Elm's designs and efforts to trade of its goodwill.  Despite

those letters putting Wayfair on express notice of WSI's rights, Wayfair's wrongful conduct continues.

41.     This practice of unfair competition is reflected in Wayfair's deliberate and concerted effort of copying an even wider range of West Elm products.  Wayfair has been offering and continues to offer a series of products that are identical or virtually identical to those that West Elm currently sells on its website, despite in many instances falsely and misleadingly stating that the products are its own designs.  As is shown below, Wayfair has wholesale appropriated numerous designs originated by West Elm.  Its conduct goes well beyond drawing "inspiration" from the West Elm brand, but rather, coupled with its use of West Elm patented designs, Wayfair is competing unfairly and deliberately attempting to free-ride on the goodwill of West Elm.  Without question, an ordinary consumer would be unable to tell one of the collections below from the other.  This is wrong, and it must stop.

| West Elm Products | |
| --- | --- |
| |  |

| **Wayfair Products** |  |
|---|---|

42.     These actions by Wayfair are causing and are likely to continue causing irreparable harm to the detriment of WSI and the West Elm brand until they are put to a stop.

### CLAIMS FOR RELIEF

### COUNT I
**(Infringement of U.S. Patent No. D875,415 – 35 U.S.C. § 271)**

43.     WSI repeats and realleges the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44.     U.S. Patent No. D875,415, entitled "Chair" was duly and lawfully issued by the United States Patent and Trademark Office on February 18, 2020 (the "'415 Patent").

45.     WSI is the owner of the entire right, title, and interest in the '415 Patent and possesses all rights of recovery under the '415 Patent, including the right to recover damages.

46.     The product information for the Slope Leather Lounge Chair on the West Elm website prominently displays "Patent Pending" in the "details & dimensions" section of the product description.

47.     Wayfair, alone or in concert with others, has been and is now infringing WSI's '415 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

48.     Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '415 Patent including, but not limited to, the Alphard 26" Wide Side Chair (previously the Thelma 26" Wide Side Chair) and Brundage 26" Wide Lounge Chair.

49.     Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '415 Patent throughout the United States and elsewhere, and within Massachusetts.

50.     Wayfair has constructive notice of WSI's patent through its marking.

51.     WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

52.     Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '415 Patent.  Upon further information and belief, Wayfair's infringement of the '415 Patent is willful and deliberate.

## COUNT II
### (Infringement of U.S. Patent No. D836,822 – 35 U.S.C. § 271)

53.     WSI repeats and realleges the allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

54.     U.S. Patent No. D836,822, entitled "Lamp" was duly and lawfully issued by the United States Patent and Trademark Office on December 25, 2018 (the "'822 Patent").

55.     WSI is the owner of the entire right, title, and interest in the '822 Patent and possesses all rights of recovery under the '822 Patent, including the right to recover damages.

56.     Wayfair, alone or in concert with others, has been and is now infringing WSI's '822 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

57.     Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '822 Patent including, but not limited to, the Drake 22" Table Lamp.

58.     Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '822 Patent throughout the United States and elsewhere, and within Massachusetts.

59.     WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

60.     Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '822 Patent.  Upon further information and belief, Wayfair's infringement of the '822 Patent is willful and deliberate.

## COUNT III
### (Infringement of U.S. Patent No. D880,180 – 35 U.S.C. § 271)

61.     WSI repeats and realleges the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

62.     U.S. Patent No. D880,180, entitled "Chair" was duly and lawfully issued by the United States Patent and Trademark Office on April 7, 2020 (the "'180 Patent").

63.     WSI is the owner of the entire right, title, and interest in the '180 Patent and possesses all rights of recovery under the '180 Patent, including the right to recover damages.

64.     The product information for the Crescent Swivel Chair on the West Elm website prominently displays "U.S. Patent Number: D880180" in the "details & dimensions" section of the product description.

65.     Wayfair, alone or in concert with others, has been and is now infringing WSI's '180 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

66.     Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '180 Patent including, but not limited to, the Ajara 29.25" Wide Swivel Barrel Chair (previously the Maston 29.25" Wide Swivel Barrel Chair).

67.     Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '180 Patent throughout the United States and elsewhere, and within Massachusetts.

68.     Wayfair has constructive notice of WSI's patent through its marking.

69.     WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

70.     Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '180 Patent.  Upon further information and belief, Wayfair's infringement of the '180 Patent is willful and deliberate.

## <u>COUNT IV</u>
### (Infringement of U.S. Patent No. D815,452 – 35 U.S.C. § 271)

71.      WSI repeats and realleges the allegations contained in paragraphs 1 through 70 above as if fully set forth herein.

72.      U.S. Patent No. D815,452, entitled "Chair" was duly and lawfully issued by the United States Patent and Trademark Office on April 17, 2018 (the "'452 Patent").

73.      WSI is the owner of the entire right, title, and interest in the '452 Patent and possesses all rights of recovery under the '452 Patent, including the right to recover damages.

74.      The product information for the Orb Dining Chair on the West Elm website prominently displays "U.S. Patent Number D815452" in the "details & dimensions" section of the product description.

75.      Wayfair, alone or in concert with others, has been and is now infringing WSI's '452 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

76.      Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '452 Patent including, but not limited to, the Jodell Velvet Arm Chair (previously the Rathbun Velvet Arm Chair) and Brad 24.6" Wide Side Chair.

77.      Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '452 Patent throughout the United States and elsewhere, and within Massachusetts.

78.      Wayfair has constructive notice of WSI's patent through its marking.

79.      WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

80.     Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '452 Patent.  Upon further information and belief, Wayfair's infringement of the '452 Patent is willful and deliberate.

## COUNT V
### (Infringement of U.S. Patent No. D917,911 – 35 U.S.C. § 271)

81.     WSI repeats and realleges the allegations contained in paragraphs 1 through 80 above as if fully set forth herein.

82.     U.S. Patent No. D917,911, entitled "Chair" was duly and lawfully issued by the United States Patent and Trademark Office on May 4, 2021 (the "'911 Patent").

83.     WSI is the owner of the entire right, title, and interest in the '911 Patent and possesses all rights of recovery under the '911 Patent, including the right to recover damages.

84.     The product information for the Mid Century Modern Petal Upholstered Dining Chair on the West Elm website prominently displays "U.S. Patent Number: D917911" in the "details & dimensions" section of the product description.

85.     Wayfair, alone or in concert with others, has been and is now infringing WSI's '911 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

86.     Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '911 Patent including, but not limited to, the Cyprian Side Chair.

87.     Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '911 Patent throughout the United States and elsewhere, and within Massachusetts.

88.     Wayfair has constructive notice of WSI's patent through its marking.

89.     WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

90.     Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '911 Patent.  Upon further information and belief, Wayfair's infringement of the '911 Patent is willful and deliberate.

**COUNT VI**
**(Infringement of U.S. Patent No. D821,768 – 35 U.S.C. § 271)**

91.     WSI repeats and realleges the allegations contained in paragraphs 1 through 90 above as if fully set forth herein.

92.     U.S. Patent No. D821,768, entitled "Chair" was duly and lawfully issued by the United States Patent and Trademark Office on July 3, 2018 (the "'768 Patent").

93.     WSI is the owner of the entire right, title, and interest in the '768 Patent and possesses all rights of recovery under the '768 Patent, including the right to recover damages.

94.     The product information for the Wire Frame Upholstered Dining Chair on the West Elm website prominently displays "U.S. Patent Number D821768" in the "details & dimensions" section of the product description.

95.     Wayfair, alone or in concert with others, has been and is now infringing WSI's '768 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

96.     Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '768 Patent including, but not limited to, the Lara Upholstered Side Chair.

97.     Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '768 Patent throughout the United States and elsewhere, and within Massachusetts.

98.     Wayfair has constructive notice of WSI's patent through its marking.

99.     WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

100.    Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '768 Patent.  Upon further information and belief, Wayfair's infringement of the '768 Patent is willful and deliberate.

## COUNT VII
### (Infringement of U.S. Patent No. D899,830 – 35 U.S.C. § 271)

101.    WSI repeats and realleges the allegations contained in paragraphs 1 through 100 above as if fully set forth herein.

102.    U.S. Patent No. D899,830, entitled "Table" was duly and lawfully issued by the United States Patent and Trademark Office on October 27, 2020 (the "'830 Patent").

103.    WSI is the owner of the entire right, title, and interest in the '830 Patent and possesses all rights of recovery under the '830 Patent, including the right to recover damages.

104.    The product information for the Mid-Century Art Display Round Coffee Table on the West Elm website prominently displays "U.S. Patent Number D899830" in the "details & dimensions" section of the product description.

105.    Wayfair, alone or in concert with others, has been and is now infringing WSI's '830 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

106.    Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '830 Patent including, but not limited to, the Burroughs Coffee Table with Storage.

107.    Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '830 Patent throughout the United States and elsewhere, and within Massachusetts.

108.    Wayfair has constructive notice of WSI's patent through its marking.

109.    WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

110.    Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '830 Patent.  Upon further information and belief, Wayfair's infringement of the '830 Patent is willful and deliberate.

## COUNT VIII
### (Infringement of U.S. Patent No. D836,823 – 35 U.S.C. § 271)

111.    WSI repeats and realleges the allegations contained in paragraphs 1 through 110 above as if fully set forth herein.

112.    U.S. Patent No. D836,823, entitled "Lamp" was duly and lawfully issued by the United States Patent and Trademark Office on December 25, 2018 (the "'823 Patent").

113.    WSI is the owner of the entire right, title, and interest in the '823 Patent and possesses all rights of recovery under the '823 Patent, including the right to recover damages.

114.    Wayfair, alone or in concert with others, has been and is now infringing WSI's '823 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and will continue to do so unless enjoined by this Court.

115.   Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '823 Patent including, but not limited to, the Dez 61" Tree Floor Lamp.

116.   Upon information and belief, Wayfair has sold, made offers to sell, continues to sell, and/or offers to sell products infringing the '823 Patent throughout the United States and elsewhere, and within Massachusetts.

117.   WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

118.   Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '823 Patent.  Upon further information and belief, Wayfair's infringement of the '823 Patent is willful and deliberate.

<u>**COUNT IX**</u>
**(Infringement of U.S. Patent No. D813,573 – 35 U.S.C. § 271)**

119.   WSI repeats and realleges the allegations contained in paragraphs 1 through 118 above as if fully set forth herein.

120.   U.S. Patent No. D813,573, entitled "Nightstand" was duly and lawfully issued by the United States Patent and Trademark Office on March 27, 2018 (the "'573 Patent").

121.   WSI is the owner of the entire right, title, and interest in the '573 Patent and possesses all rights of recovery under the '573 Patent, including the right to recover damages.

122.   Wayfair, alone or in concert with others, has been and is now infringing WSI's '573 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and offering for sale, products embodying WSI's patented design for such products, and, on information and belief, will continue to do so unless enjoined by this Court.

123.    Wayfair's infringing acts include making, using, selling, offering to sell, and importing products covered by the '573 Patent including, but not limited to, Zara 2 Drawer Nightstand.

124.    Upon information and belief, Wayfair has sold and/or made offers to sell, products infringing the '573 Patent throughout the United States and elsewhere, and within Massachusetts.

125.    WSI has been damaged by Wayfair's infringement in an amount to be determined at trial and has no adequate remedy at law.

126.    Upon information and belief, Wayfair's infringing products were copied from WSI's West Elm products, covered by the '573 Patent.  Upon further information and belief, Wayfair's infringement of the '573 Patent is willful and deliberate.

## COUNT X
### (False Advertising—15 U.S.C. § 1125(a)(1)(B))

127.    WSI repeats and realleges the allegations contained in paragraphs 1 through 126 above as if fully set forth herein.

128.    Wayfair is liable for false advertising, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

129.    Wayfair's factual statements regarding the origin of its designs or that its products are "only at Wayfair," "exclusive" to Wayfair or "looks you'll only find at Wayfair" constitute false or misleading representations.

130.    Wayfair's use of false or misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Wayfair's products.

131.    Wayfair falsely or misleadingly represents its services that are advertised, promoted, sold, and distributed in interstate commerce.

132.    Wayfair's false and misleading statements are causing confusion or mistake among Wayfair's and WSI's customers and deceiving them regarding Wayfair's products and services and WSI's products and services offered under the West Elm brand, and will continue to do so unless stopped.

133.    Wayfair's misrepresentations have a tendency to deceive target consumers, or actually deceive target consumers, and to influence their willingness to purchase Wayfair's and/or WSI's West Elm's products.

134.    Wayfair's false and misleading representations are material because they are likely to influence the purchasing decisions of the target consumers and of Wayfair's and West Elm's current customers and/or because they go to the nature of Wayfair's products.

135.    On information and belief, Wayfair's statements have harmed and will continue to harm WSI's business and its reputation built under the West Elm brand.

136.    On information and belief, Wayfair made its false and misleading statements knowingly and willfully, or recklessly.

137.    Wayfair's false or misleading representations were done with bad faith and malice or reckless indifference to WSI's and consumers' interests.

138.    Wayfair continues to make false or misleading representations of fact regarding its products and will continue to do so unless enjoined by this Court as provided by 15 U.S.C. § 1116.

139.     Wayfair's wrongful acts, for which WSI has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to WSI unless permanently enjoined.

140.     WSI is entitled to all relief available for Wayfair's false and misleading statements, in an amount to be determined at trial, attorneys' fees, costs, treble damages, and injunctive relief.

141.     WSI is also entitled to an award of Wayfair's profits due to any sales or customer acquisition stemming from the false or misleading statements made about Wayfair's products to its customers and target consumer base.

### COUNT XI
### (Unfair Competition—Mass. Gen. L. C. 93A)

142.     WSI repeats and realleges the allegations contained in paragraphs 1 through 141 above as if fully set forth herein.

143.     WSI and Wayfair are persons engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A, § 11.

144.     Wayfair's unlawful acts, conduct, and practices described above occurred and are occurring primarily and substantially within the Commonwealth of Massachusetts.  On information and belief, those individuals within Wayfair responsible for product design and marketing of its products are located at Wayfair's corporate headquarters in Massachusetts.

145.     Wayfair's acts, conduct, and practices described above, including without limitation, the pattern of copying WSI's patented West Elm designs, falsely and/or misleadingly holding out those designs as Wayfair's own when they are not, and attempting to free-ride on the substantial goodwill in the West Elm brand originated in Massachusetts and concern services offered and/or goods sold in Massachusetts, and advertising done in Massachusetts, and

constitute unfair methods of competition and/or unfair or deceptive acts or practices, which are unlawful under Mass. Gen. Laws c. 93A.

146.    As a direct and proximate result of Wayfair's violations of Mass. Gen. Laws c. 93A, WSI has been damaged and will continue to be damaged.

**COUNT XII**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.)**

147.    WSI repeats and realleges the allegations contained in paragraphs 1 through 146 above as if fully set forth herein.

148.    Wayfair has engaged in a pattern of willful and intentional acts designed to appropriate WSI's prestige and goodwill, including without limitation, by copying WSI's product designs and making false statements about the origins of Wayfair's products and designs.

149.    Wayfair has been and is causing the public to be misled or confused as to the origin of its designs and products and is free-riding on the goodwill and protected designs of the West Elm brand, and otherwise damaging the public.

150.    Wayfair's conduct is unlawful, unfair, and fraudulent in violation of California Business & Professions Code § 17200, *et seq*.

151.    As a direct and proximate cause of Defendant's wrongful conduct, Defendant has been and will continue to be unjustly enriched, and WSI has sustained and will continue to sustain diversion of trade with lost profits and injury to its business reputation and goodwill.

152.    As a direct result of Wayfair's conduct, WSI is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

<u>**COUNT XIII**</u>
**(California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.)**

153.    WSI repeats and realleges the allegations contained in paragraphs 1 through 152 above as if fully set forth herein.

154.    Wayfair is liable for making false or misleading statements in connection with the sale of a product, in violation of California Business & Professions Code § 17500, *et seq*.

155.    Wayfair's factual statements in marketing on its sales website regarding the origin of its designs or that its products are "only at Wayfair," "exclusive" to Wayfair or "looks you'll only find at Wayfair" constitute false or misleading representations.

156.    Wayfair's use of false or misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Wayfair's products.

157.    Wayfair's false and misleading statements are causing confusion or mistake among Wayfair's and WSI's customers and deceiving them regarding Wayfair's products and services and WSI's products and services offered under the West Elm brand, and will continue to do so unless stopped.

158.    Wayfair's false and misleading representations are material because they are likely to influence the purchasing decisions of the target consumers and of Wayfair's and West Elm's current customers and/or because they go to the nature of Wayfair's products.

159.    On information and belief, Wayfair knew, or reasonably should have known, that the claims were untrue or misleading.

160.    Wayfair's misrepresentations are likely to deceive target consumers, or actually deceive target consumers, and to influence their willingness to purchase Wayfair's and/or WSI's

West Elm's products because a target consumer acting reasonably would think that some of WSI's West Elm's products are only at Wayfair-branded sites.

161.    On information and belief, Wayfair's statements have harmed and will continue to harm WSI's business and its reputation built under the West Elm brand.

162.    Wayfair's false or misleading representations were done with bad faith and malice or reckless indifference to WSI's and consumers' interests.

163.    Wayfair's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given the loss of profit from the diversion of potential customers from WSI and the free-riding of WSI's designs.

164.    As a direct result of Wayfair's conduct, WSI is entitled to injunctive and equitable relief.

## **DEMAND FOR JURY TRIAL**

WSI hereby demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, WSI respectfully prays that this Court:

A.    Enter judgment that: (i) Wayfair has infringed the '415 Patent in violation of 35 U.S.C. § 271; (ii) Wayfair has infringed the '822 Patent in violation of 35 U.S.C. § 271; (iii) Wayfair has infringed the '180 Patent in violation of 35 U.S.C. § 271; (iv) Wayfair has infringed the '452 Patent in violation of 35 U.S.C. § 271; (v) Wayfair has infringed the '911 Patent in violation of 35 U.S.C. § 271; (vi) Wayfair has infringed the '768 Patent in violation of 35 U.S.C. § 271; (vii) Wayfair has infringed the '830 Patent in violation of 35 U.S.C. § 271; (viii) Wayfair has infringed the '823 Patent in violation of 35 U.S.C. § 271; (ix) Wayfair has infringed the '573 Patent in violation of 35 U.S.C. § 271; (x) Wayfair's statements regarding "only at Wayfair" and "exclusive-to Wayfair" or variations thereof constitute false advertising in violation of 15 U.S.C.

§ 1125; (xi) Wayfair's unlawful acts, conduct, and practices in Massachusetts constitute unfair competition in violation of Mass. Gen. L. C. 93A; (xii) Wayfair's unlawful, unfair, and fraudulent business acts constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; (xiii) Wayfair's statements regarding "only at Wayfair" "Wayfair-exclusive," "looks you'll only find at Wayfair," or variations thereof constitute false advertising in violation of Cal. Bus. & Prof. Code § 17500, *et seq*; and that all of the foregoing wrongful activities by Wayfair were willful and/or constitute and exceptional case under 15 U.S.C. § 1117;

B.    That this Court enjoin Wayfair, its employees, agents, servants, and all in privity or acting in concert with any of them, from making false or misleading statements regarding "only at Wayfair," "Wayfair-exclusive," "looks you'll only find at Wayfair," or variations thereof;

C.    That this Court enter an injunction against further infringement of the '415, '822, '180, '452, '911, '768, '830, '823, and '573 Patents, further false advertising, and further unfair competition and unfair or deceptive acts or practices related thereto, by Wayfair and its employees, agents, servants, and all in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of the '415, '822, '180, '452, '911, '768, '830, '823, and '573 Patents;

D.    That this Court enter an order recalling all of Wayfair's products that infringe the '415, '822, '180, '452, '911, '768, '830, '823, and '573 Patents presently manufactured, sold, and/or distributed, and providing for a full refund for all recalled infringing products;

E.    That this Court award WSI damages adequate to compensate WSI for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, or an award of Wayfair's profits from

its patent infringement pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285;

F.      That this Court require an accounting of profits by Wayfair;

G.      That this Court award WSI Wayfair's profits, WSI's actual damages, enhanced damages, exemplary damages, corrective advertising damages, costs, prejudgment and post judgment interest, and reasonable attorneys' fees pursuant to at least 15 U.S.C. §§ 1125(c), 1116 and/or 1117, Mass. Gen. L. C. 93A § 11, and Cal. Bus. & Prof. Code § 17200 and § 17500, *et seq*.

H.      That this Court award WSI such other and further relief that this Court deems just and proper.


Dated: December 16, 2021                    Respectfully submitted,

                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            By:/s/ *Sheryl Koval Garko*

                                                Sheryl Koval Garko (BBO# 657735)
                                                sgarko@orrick.com
                                                Mark Puzella (BBO# 644850)
                                                mpuzella@orrick.com
                                                Laura Najemy (BBO# 678756)
                                                lnajemy@orrick.com
                                                222 Berkeley Street, Suite 2000
                                                Boston, MA 02116
                                                (617) 880-1919

                                                *Counsel for Plaintiff Williams-Sonoma, Inc.*