## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

WILLIAMS-SONOMA, INC.,

     *Plaintiff*,

     v.

WAYFAIR, INC.,

     *Defendant*.

Civil A. No. 1:21-cv-12063

**JURY TRIAL DEMANDED**

## JOINT STATEMENT AND PROPOSED PRETRIAL SCHEDULE PURSUANT TO LOCAL RULE 16.1 AND FED. R. CIV. P. 26(f)

Plaintiff Williams-Sonoma, Inc. ("WSI") and Defendant Wayfair, Inc. ("Wayfair") (together, the "Parties"), by and through their respective counsel of record, respectfully submit this Joint Statement and Proposed Pretrial Schedule pursuant to Local Rule 16.1(d), Federal Rule of Civil Procedure 26(f), and the Court's Notice of Scheduling Conference (Dkt. No. 24) and in connection with the Scheduling Conference set for May 16, 2022 at 2:45pm.

On April 22, 2022, counsel for WSI and counsel for Wayfair conducted a conference via telephone pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1 through which the parties reached agreement on the following:

## I.    CONCISE SUMMARY OF POSITIONS

The Parties provide the following summaries of their respective positions with respect to liability and relief sought:

**(A)**    **Plaintiff** – WSI has brought claims against Wayfair for infringement of WSI's intellectual property and unlawful imitation of WSI's West Elm brand, false advertising, and unfair

competition under Massachusetts and California law.  Specifically, WSI has alleged infringement of the following design patents: (1) D875,415 "Sloped Leather Lounge Chair", (2) D836,822 "Sphere & Stem Table Lamp", (3) D880,180 "Crescent Swivel Chair", (4) D815,452 "Orb Dining Chair", (5) D917,911 "Mid Century Modern Petal Upholstered Chair", (6) D821,768 "Wire Frame Upholstered Dining Chair", (7) D899,830 "Mid-Century Art Display Round Coffee Table", (8) D836,823 "Sphere & Stem 2-Light Floor Lamp", (9) D813,573 "Audrey Side Table".  WSI claims that Wayfair knowingly sold and/or offered to sell throughout the United States products that infringe these patents.  WSI also claims that Wayfair has falsely promoted its near-identical products as being exclusive to Wayfair or "looks you'll only find at Wayfair," despite the fact that they are not, amounting to false advertising in violation of the Lanham Act.  WSI also alleges that Wayfair's general pattern and practice of copying or imitating its designs constitutes unfair or deceptive trade practices in violation of Massachusetts and California law.

(B)    **Defendant** – Wayfair denies that it infringes any of the asserted design patents and contends that those patents are invalid.  Additionally, Wayfair denies that it engaged in any false advertising, as the statements that WSI relies upon are true.  Finally, WSI's unfair competition claims fail because they rely on WSI's deficient false advertising allegations and in the case of the California unfair competition claims, WSI lacks standing.

## II.    JOINT DISCOVERY PLAN AND PROPOSED SCHEDULE FOR THE FILING OF MOTIONS

The Parties have conferred and agreed to the discovery plan.  The Parties agree on the proposed case schedule.  The parties have set forth their proposal in Exhibit A.  This schedule sets forth the time and length for all discovery events and (a) conforms to the obligations to limit discovery as set forth in Fed. R. Civ. P. 26(b), and (b) takes into account the desirability of conducting phased discovery.  The parties agree to adhere to the Federal and Local Rules regarding

discovery limits, except that the parties agree that (1) each party may serve three (3) sets of Requests for Production of Documents, and (2) the parties may serve an unlimited number of Requests for Admission for authentication purposes.  Additionally, WSI reserves its right to request an enlargement of the number of Requests for Admission should it become clear that such an increase is necessary in order to allow the parties to more efficiently and effectively complete certain discovery.  The attached proposed schedule further sets forth deadlines for the filing of motions.

## III.     PROTECTIVE ORDER

The parties will submit a proposed protective order to govern the disclosure of commercially sensitive documents and information for the Court's review and entry.  The protective order will also set forth the procedures and protections to govern the clawback of any inadvertently produced privileged material.

## IV.     ELECTRONICALLY STORED INFORMATION

The parties shall be entitled to discovery of relevant, responsive, non-privileged electronically stored information ("ESI") and shall make best efforts to agree upon the preservation and discovery of the ESI.  The parties shall make best efforts to agree upon the format in which ESI shall be made available and will submit a proposed ESI Protocol for the Court's review and entry.

## V.     CONSENT TO ELECTRONIC SERVICE

The parties have agreed to receive and make electronic service.

## VI.     ALTERNATIVE DISPUTE RESOLUTION

At this time, WSI would like a referral to a Court-sponsored alternative dispute resolution program.  Wayfair believes that ADR is currently premature, and that ADR should be conducted

with a mediator.

## VII.   TRIAL BY MAGISTRATE

At this time, the Parties do not consent to referral to a Magistrate Judge for trial of this matter.

## VIII.   SETTLEMENT

WSI provided a written settlement proposal to Wayfair on March 16, 2022.

## IX.   CERTIFICATIONS OF COMPLIANCE

The Parties are filing their respective Local Rule 16.1(d)(3) certifications concurrently with this Joint Statement.

Dated: May 6, 2022                        Respectfully submitted,

By:/s/ *Sheryl Koval Garko*
        Sheryl Koval Garko (BBO# 657735)
        sgarko@orrick.com
        Mark Puzella (BBO# 644850)
        mpuzella@orrick.com
        Laura Najemy (BBO# 678756)
        lnajemy@orrick.com
        **ORRICK, HERRINGTON & SUTCLIFFE LLP**
        222 Berkeley Street, Suite 2000
        Boston, MA 02116
        (617) 880-1919

        *Counsel for Plaintiff Williams-Sonoma, Inc.*

By: */s/ Phillip Morton*
        Adam Gershenson, BBO No. 671296
        Stephanie Ainbinder, BBO No. 699145
        **COOLEY LLP**
        500 Boylston Street
        14th Floor
        Boston, MA 02116-3736
        Telephone: +1 617 937 2300
        Facsimile: +1 617 937 2400
        agershenson@cooley.com

sainbinder@cooley.com

Heidi Keefe
Cameron Vanderwall
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400
hkeefe@cooley.com
cvanderwall@cooley.com

Phillip Morton
**COOLEY LLP**
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899
pmorton@cooley.com

*Counsel for Defendant Wayfair, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Sheryl Koval Garko*
Sheryl Koval Garko

**EXHIBIT A**
**PROPOSED PRETRIAL SCHEDULE**

| Event | Proposed Deadline |
|---|---|
| Completion of initial disclosures required by Fed. R. Civ. P. 26(a)(1) | 05/06/2022 |
| Motion to Dismiss Hearing[1] | 05/16/2022 |
| Scheduling Conference | 05/16/2022 |
| Deadline to file motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses, except for good cause shown | 09/01/2022 |
| WSI's Preliminary Patent-Related Disclosures (Infringement Claim Charts, Prosecution History, Ownership Evidence, Real Parties in Interest) | 06/07/2022 |
| Conference Concerning Preliminary Patent Disclosures | 06/28/2022 |
| Wayfair's Preliminary Production of Technical Documents, Source Code, and Samples of Accused Product | 07/19/2022 |
| Exchange of Claim Terms to Be Construed and Their Proposed Constructions | 08/09/2022 |
| File Joint Claim Construction Statement | 08/23/2022 |
| Opening Claim Construction Briefs (w/ Expert Declarations, if applicable) | 08/30/2022 |
| Expert Deposition regarding Claim Construction, if applicable | 09/19/2022 |
| Responsive Briefs | 10/11/2022 |
| Tutorials, if Court requests | 10/25/2022 |

---

[1] Wayfair's Motion to Dismiss WSI's false advertising and unfair competition claims is currently pending.  To the extent that Motion is denied, the parties agree that discovery on those claims will proceed in parallel with discovery relating to the design patent claims.

| Claim Construction / Markman Hearing | 11/07/2022 or at the Court's convenience |
|---|---|
| Deadline for serving written discovery requests | 03/01/2023 |
| Substantial completion of document production | 03/31/2023 |
| Deadline for completing all discovery, other than expert discovery and any discovery produced due to a motion to compel | 05/31/2023 (or 120 days after the Court's ruling on Claim Construction, whichever is later) |
| Deadline for designating trial experts for the party with the burden of proof and disclosing the information contemplated by Fed. R. Civ. P. 26(a)(2) | 06/29/2023 (or 30 days after close of fact discovery) |
| Deadline for designating rebuttal trial experts and disclosing the information contemplated by Fed. R. Civ. P. 26(a)(2) | 08/01/2023 (or 30 days after opening reports) |
| Close of expert discovery | 08/30/2023 (or 90 days after close of fact discovery, whichever is later) |
| Deadline to file dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings | 10/03/2023 (or 30 days after the close of expert discovery, whichever is later) |
| Deadline for filing oppositions to any dispositive motions | 10/31/2023 (or 4 weeks after the filing of opening motions, whichever is later) |
| Deadline for filing replies in support of any dispositive motions | 11/14/2023 (or 2 weeks after the filing of oppositions, whichever is later) |
| FRCP 26(a)(3) Disclosures | 28 days before Final Pretrial Conference |

| | |
|---|---|
| Meet and Confer for the purpose of jointly preparing a pretrial memorandum for submission to the judicial officer. | 14 days before Final Pretrial Conference |
| Joint Pretrial Memorandum | 7 days before Final Pretrial Conference |
| Final Pretrial Conference | *To be set by Court* |
| Trial Brief | 7 days before Trial |
| Trial | *To be set by Court* (approximately February 2024) |