UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAMS-SONOMA, INC., <br><br>             Plaintiff, <br><br>    v. <br><br> WAYFAIR INC., <br><br>             Defendant. | Civil Action <br> No. 1:21-12063-PBS |

**MEMORANDUM AND ORDER**

January 24, 2022

Saris, D.J.

**INTRODUCTION**

Plaintiff Williams-Sonoma, Inc. ("WSI") alleges that Defendant Wayfair, Inc. ("Wayfair") "deliberately infringes the intellectual property of WSI and unlawfully imitates the West Elm Brand," in violation of federal, Massachusetts, and California state law. WSI states thirteen causes of action: infringement of nine separate patents in violation of 35 U.S.C. § 271 (Count I-IX), false advertising in violation of Section 43 of 15 U.S.C. § 1125 ("Lanham Act") (Count X), unfair competition in violation of Mass. Gen. Laws ch. 93A (Count XI), unfair competition in violation of California Business & Professions Code § 17200, *et seq.* (Count XII), and false advertising in violation of California Business & Professions Code § 17500, *et seq.* (Count XIII). Wayfair moves to dismiss Plaintiff's false advertising (Counts X and XIII) and unfair competition claims (Counts XI and XII) (Dkt. 10).

[1]

After hearing, the Court **ALLOWS** the motion to dismiss as to the Lanham Act claim (Count X) and the California state law claims for lack of standing (Count XII and XIII) and **DENIES** the motion to dismiss the Mass. G. L. ch. 93A claim (Count XI).

## FACTUAL BACKGROUND

The Complaint alleges the following facts.

### A. The Parties

Plaintiff WSI is a Delaware corporation with a principal place of business in San Francisco, California. West Elm is one of several brands owned by WSI and has a principal place of business in Brooklyn, New York. West Elm designs and develops products, furniture, lighting, and collections.

Defendant Wayfair is a company incorporated in Delaware with a principal place of business in Boston, Massachusetts. Defendant promotes and sells goods in Massachusetts, including the goods at issue here.

### B. The Designs and Products

WSI retains an "extensive design patent portfolio" within its several brands, including West Elm. Dkt. 73 ¶ 22, at 12. WSI was granted nine design patents for various West Elm designs, including chairs, lamps, tables, and nightstands. WSI alleges that Wayfair offers "products that are identical or virtually identical" to WSI's products, including some offered under Wayfair's Foundstone collection ("Foundstone"). Id. ¶ 41, at 20. WSI claims that "Wayfair has made, marketed, offered for sale, and sold numerous products which infringe WSI's design patent rights and are

[2]

so highly similar to West Elm's patented products that an ordinary observer would be confused by the imitation." Id. ¶ 3, at 2. WSI offers numerous side-by-side comparisons of those similar products in its Complaint; one such example is copied below.

| West Elm Product | West Elm Patent | Infringing Wayfair Product |
|---|---|---|
|  |  |  |

C.  **False Advertising Allegations**

In a video advertisement for Foundstone, Wayfair included images of a designer sketching products, which WSI claims would lead consumers to believe that Wayfair designed the products copied from Plaintiff's patented designs.  Multiple third parties have noted the similar nature of Wayfair's and WSI's products.  One website referred to Wayfair's products as "look-alikes" of WSI's designs.  Id. ¶ 46, at 27.  Other websites described Foundstone as "identical" or "mirroring" West Elm, a "West-Elm-Inspired Collection," and that it "could easily be confused for West Elm. Again, it's not a knock-off, but it's fair to call it a dead

[3]

ringer." Id. ¶ 47, at 27-28.

WSI also describes Wayfair's alleged misleading promotion of the alleged copied products. On its website, Wayfair states that products from Foundstone are available "only at Wayfair." Id. ¶¶ 51, 60, at 28, 32. Similarly, on Wayfair's Instagram page, the company referred to Foundstone as "a Wayfair exclusive collection." Id. ¶ 52, at 28. Finally, another webpage described Wayfair's products, including two disputed chairs, as "looks you'll only find at Wayfair." Id. ¶ 54, at 29.

## LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 555; see also Rodriguez Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007). The plausibility standard requires the Court to approach the motion in two steps. First, the Court must "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). The Court must then determine whether the factual allegations allow it "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009)).

B. **Rule 9(b)**

Wayfair argues WSI must also meet the "heightened pleading standard" of Federal Rule of Civil Procedure 9(b) because its complaint alleges "fraudulent statements" or "willful misrepresentation or deceit." Dkt. 11 at 6 (citing Hadley v. Kellogg Sales Co., 243 F. Supp. 3d 1074, 1090 (N.D. Cal. 2017); Bezdek v. Vibram USA Inc., 2013 WL 639145, at *3 n.3 (D. Mass. Feb. 20, 2013)).

Under Rule 9(b), a plaintiff must state with particularity "the who, what, where, and when of the allegedly [false or misleading] representation." Kaufman v. CVS Caremark Corp., 836 F.3d 88, 91 (1st Cir. 2016) (quoting Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004)). While the First Circuit has not addressed whether Rule 9(b) applies to a Lanham Act false advertising claim, Pegasystems, Inc. v. Appian Corp., 424 F. Supp. 3d 214, 221 (D. Mass. 2019), it has presumed that Rule 9(b) applies in Chapter 93A claims involving fraud. See Dumont v. Reily Foods Co., 934 F.3d 35, 38-39 (1st Cir. 2019) (involving claimant that presumed her 93A claim must meet 9(b) standard); Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 21-22 (1st Cir. 2017) (applying 9(b) standard where false advertising claim under 93A involved "core allegations [that] effectively charge fraud") (internal quotation omitted).

Consistent with this caselaw, the Court concludes that WSI must meet the heightened pleading standard of Rule 9(b). It has met this burden for the claims of fraudulent statements and false statements. WSI has pleaded

the "who" (Wayfair and its subsidiaries), "what" (statements about the origin and exclusive availability of the products at issue), "where" (Wayfair's website and social media), and "when" (within the last two years and up to today) of the allegedly fraudulent statements. Kaufman, 836 F.3d at 91. Now the Court addresses whether there is a plausible claim of false advertising under the Lanham Act and State Law.

## ANALYSIS

### A. Lanham Act False Advertising Claim

WSI alleges that Wayfair is liable for false advertising in violation of Section 43 of the Lanham Act. WSI argues that "Wayfair's factual statements regarding the origin of its designs or that its products are 'only at Wayfair,' 'exclusive' to Wayfair or 'looks you'll only find at Wayfair' constitute false or misleading representations." Dkt. 73 ¶ 151, at 45. In WSI's view, these "false and misleading representations are material because they are likely to influence the purchasing decisions of the target consumers" and they "have a tendency to deceive target consumers." Id. ¶¶ 155-56, at 45. The Lanham Act prohibits "commercial advertising or promotion" that "misrepresents the nature, characteristics, [or] qualities" of a product. 15 U.S.C. § 1125(a)(1)(B). To prevail on a claim brought under that section, a plaintiff must prove:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about [its] own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in

> interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 310-11 (1st Cir. 2002).

A defendant can be liable under the Lanham Act both for claims that are "literally false" and those that are "true . . . [yet] misleading." Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 33 (1st Cir. 2000). A literally false claim can be made "either explicitly or by necessary implication." Id. at 35. A claim is "conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." Id. "Commercial claims that are implicit, attenuated, or merely suggestive usually cannot fairly be characterized as literally false," though such claims may still be misleading. Id. (citation omitted).

The Lanham Act claim turns on three disputed phrases: "only at Wayfair," "exclusive," and "looks you'll only find at Wayfair." Dkt. 73 ¶ 151, at 45. Wayfair contends that these statements (i) are true, (ii) do not mislead customers, and alternatively (iii) are mere puffery. Moreover, Wayfair avers that these phrases cannot be read in isolation, as WSI focuses on the products, when the phrases read in the entirety of the advertisement, Wayfair contends, focus on the collections.

This distinction matters because if a challenged claim is "literally false," the third element of consumer deception is presumed. Clorox, 228 F.3d at 33. Consumer deception is also presumed if a statement is merely

[7]

misleading, but "there is evidence that defendants intentionally deceived the consuming public." Cashmere, 284 F.3d at 311 n.8. Otherwise, the plaintiff must "show how consumers have actually reacted to the challenged advertisement rather than merely demonstrating how they could have reacted." Clorox, 228 F.3d at 33.

Wayfair is correct that "context is crucial." Fink v. Time Warner Cable, 714 F.3d 739, 742 (2d Cir. 2013); id. ("A plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment."). Therefore, here are the three statements in full:

- "Foundstone" followed by the text "Only at Wayfair."
- Wayfair's "exclusive brands team has been hard at work on Foundstone a Wayfair-exclusive collection of attainable and updated mid-century furniture and décor."
- Wayfair's "hand-curated collections are filled with the best in popular pieces, timeless designs, and looks you'll find only at Wayfair—all at prices that fit your budget."

Dkt. 11 at 15.

Wayfair contends that certain brands and collections, such as Foundstone, "are available only at Wayfair," and therefore none of these statements are false. Id. Because WSI has alleged that products within these collections are infringing, WSI responds that they cannot be said to be available only at Wayfair. WSI alleges that "Wayfair's statements

[8]

mislead consumers as to the origin of their designs as well as where such designs are available for sale."  Dkt. 22 at 17.

Wayfair makes a persuasive argument that the argument that there is false advertising with respect to the origin of the products is precluded by Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003).  Dastar explained that the phrase "'origin of goods' in the Lanham Act referred to the producer of the [goods], and not the producer of the (potentially) copyrightable or patentable designs that the [goods] embodied."  539 U.S. at 37.  Therefore, to have a viable claim regarding the goods' origin, the plaintiff must allege that the defendant did not manufacture the goods in question.  "As Dastar makes plain, an entity makes a false designation of origin sufficient to support a reverse passing off claim only where it falsely represents the product's geographic origin or represents that it has manufactured the tangible product that is sold in the marketplace when it did not in fact do so."  Kehoe Component Sales Inc. v. Best Lighting Prods., Inc., 796 F.3d 576, 587 (6th Cir. 2015).  The First Circuit noted in Zyla v. Wadsworth, Div. of Thomson Corp., that "[t]he Court in Dastar left open the possibility that some false authorship claims could be vindicated under the auspices of § 43(a)(1)(B)'s prohibition on false advertising." 360 F.3d 243, 252 n.8 (1st Cir. 2004).  In that case, the plaintiff had not shown that the disputed text was "commercial advertising or promotion."  Id.  In Photographic Illustrators Corp. v. Orgill, Inc., 118 F. Supp. 3d 398, 411 (D. Mass. 2015), this Court rejected attempts to "slot [plaintiff's] claim into Section 43(a)(1)(B) of the Lanham Act,

which prohibits the misrepresentation of the 'nature, characteristics, qualities, or geographic origin of . . . goods' in connection with 'commercial advertising or promotion.'"  Id. at 411 (quoting 15 U.S.C. 1125(a)(1)(B)).  This Court explained that "[w]hile the First Circuit has noted that Dastar 'left open the possibility that some false authorship claims could be vindicated' under subsection (B), it did not resolve that question, and other courts have held that authorship does not constitute part of the nature, characteristics, or qualities of a good for sale."  Id. (internal citation omitted).

The Sixth Circuit addressed both false authorship and false advertising in Kehoe.  For false authorship, the court held that "a manufacturer does not falsely designate a product's origin under the Lanham Act if it makes an exact replica of someone else's item and labels the item as its own."  Kehoe, 796 F.3d at 589.  "The right question . . . is whether the consumer knows who has produced the finished product even if most of the product's economic value came from elsewhere."  Id.  With respect to the false advertising claim, the Sixth Circuit reversed the district court:

> The district court did not find that Pace made any false representation about the characteristics of the cloned products themselves; it found that Pace's advertisements were false only because they represented that Pace, rather than Best, was the intellectual origin of the products. Because § 1125(a)(1)(B) does not impose liability for misrepresenting the intellectual progenitor of a tangible product, the district court erred in finding that Pace's conduct violated the statute.

Kehoe, 796 F.3d at 590.  Misrepresentations are only actionable under the false advertising prong if the advertising "misrepresents the

[10]

'characteristics of the good itself'—-such as its properties or capabilities." Id.  Therefore, to the extent WSI alleges false advertising based on the origin of the furniture designs, the claim fails.

WSI also alleges that Wayfair's advertisements are misleading because they mislead consumers as to where the products are available for sale.  Specifically, WSI alleges that the statement "looks you'll only find at Wayfair" is literally false because nearly identical or identical pieces can be found at West Elm.  Dkt. 73 ¶ 54, at 29. Wayfair argues that the statement is true because pieces, designs, and looks refer to a collection as a whole, which can only be found at Wayfair.

Additionally, Wayfair states that its "exclusive brands team has been hard at work on Foundstone, a Wayfair-exclusive collection of attainable and updated mid-century furniture and décor."  Dkt. 11 at 15.  Wayfair argues that the Foundstone brand is exclusive to Wayfair, and therefore the statements are not literally false.  Id.  Though the brands may contain infringing products, that brand, that collection, is only available at Wayfair.  The third allegedly false statement to "Foundstone" followed by the text "only at Wayfair" that statement is not literally false because the Foundstone brand is only at Wayfair.  Dkt. 11 at 9-10.

The court need not resolve these disputes because Wayfair's statements do not relate to the properties, capabilities, or characteristics of the goods. These statements of exclusivity more closely relate to misrepresentations about the origin of goods and are

[11]

not cognizable under Section 43(a)(1)(B).  See Baden Sports, Inc. v. Molten USA, Inc., 556 F.3d 1300, 1308 (Fed. Cir. 2009) (holding false advertising claims regarding "origin of an idea" not actionable under Section 43(a)(1)(B) as claims do not relate to "nature, characteristics, [or] qualities" of goods).

Accordingly, the Court dismisses the Lanham Act False Advertising claim.

### B. Massachusetts Chapter 93A Claims

In addition to alleging false advertising as a violation of Chapter 93A, which declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A § 2(a).  WSI points to several unfair acts and practices, such as holding those designs out as Wayfair's own and freeriding of WSI's goodwill and advertising.  Courts have held that a plausible Lanham Act claim also states a Chapter 93A claim.  However, a Chapter 93A claim can survive even if Dastar precludes a Lanham Act claim. Therefore, the motion to dismiss the 93A claim is **DENIED** without prejudice.

### C. California UCL and FAL Claims

WSI pleads actions under California Unfair Competition Law ("UCL") and False Advertising Law ("FAL").  Claims under these statutes are reviewed under the same standard.  See Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008) (noting that any violation of California FAL "necessarily violates" the UCL) (quoting Kasky v. Nike, Inc., 45 P.3d 243, 250 (Cal. 2002)). In part, California's UCL prohibits

any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. and Prof. Code § 17200. California's FAL prohibits any "untrue or misleading" statements. Cal. Bus. and Prof. Code § 17500. The Court must apply a "reasonable consumer" test, in which WSI must "show that members of the public are likely to be deceived." Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995) (internal quotation omitted).

Wayfair argues that WSI lacks standing to bring these California claims. The parties, and federal courts in California, disagree as to whether a plaintiff who competes with the defendant must allege reliance on a defendant's false or misleading statements to state a claim. In Kwikset Corp. v. Superior Ct., 246 P.3d 877, 888 (Cal. 2011), the California Supreme Court held that consumer plaintiffs "must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions." Id. at 888. Since Kwikset, district courts have disagreed over whether to apply Kwikset's reliance requirement for competitor claims. "A majority of courts have concluded that competitor plaintiffs must allege their own reliance on the alleged misrepresentations, while a minority do not read Kwikset and Proposition 64 as reaching competitor claims." Millennium Dental Techs. Inc. v. Terry, No. SACV180348DOCKESX, 2018 WL 5094965, at *15 (C.D. Cal. July 16, 2018) (citing L.A. Taxi Coop. v. Uber Techs., Inc., 114 F. Supp. 3d 852, 866-67 (N.D. Cal. 2015); L.A. Taxi Coop., 114 F. Supp. 3d at 866 ("Federal Courts sitting in California have disagreed . . . about whether competitor plaintiffs must plead their own reliance, or whether

pleading customer reliance is sufficient for fraudulent business practices claims brought by competitors.")).  Others have explained that "applying Kwikset's reliance requirement to competitor claims . . . makes little sense" as "imposing the reliance requirement on competitor claims would impose a superficial hurdle on competitor plaintiffs seeking to stop or recover for damages caused by their competitor's false advertising."  Allergan USA Inc. v. Imprimis Pharmaceuticals, No. SA CV 17-1551-DOC (JDEx), 2017 WL 10526121, at *13 (C.D. Cal. Nov. 14, 2017).

While the case law is mixed, I adopt the majority view that extends Kwikset to competitor claims and dismiss the UCL and FAL claims.

### D. CONCLUSION

For the reasons explained above, I **ALLOW** the Defendant's Motion to Dismiss (Dkt. 10) as to the Lanham Act claim (Count X) and the California state law claims (Count XII and XIII) and **DENY** the partial motion to dismiss as to the Mass. G. L. ch. 93A claim (Count XI).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge